## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GREGORY WILLIAMS,                              :      CIVIL ACTION NO.:

            Plaintiff,                         :

v.                                             :

CITY OF JERSEY CITY; JERSEY CITY               :
POLICE DEPARTMENT; ARKADIUSZ
ZYLKIEWICZ; ALI BRAVO; KAYLA                   :      **COMPLAINT**
GONZALEZ; MARVIN LEGGITTS;
MIKE KELLY; JOHN DOES 1-20                     :
(fictitious) and ABC CORP. 1-20(fictitious),
                                               :
            Defendants.                        :

Plaintiff, Gregory Williams, residing in the City of Bloomfield, County of Essex, in the State of New Jersey, by way of Complaint against the above-named defendants, through his undersigned attorney, hereby says the following:

## PRELIMINARY STATEMENT

1.      The plaintiff is a Hispanic male, a resident of Bloomfield, New Jersey who brings this action, pursuant to 42 U.S.C. 1983 and N.J.S.A. 10:6-1, et seq., for damages and other relief against defendants City of Jersey City; Jersey City Police Department; Jersey City Police Officers Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, and Marvin Leggitts; John Does 1-20 (fictitious): and ABC Corp. 1-20 (fictitious), who, while acting under color of state law, violated plaintiff's rights pursuant to the Fourth Amendment of the United States Constitution; the New Jersey Law Against Discrimination; as well as Article 1, paragraphs 5 and 7 of the New Jersey State Constitution.

2.      This action seeks an award of compensatory, statutory and punitive damages as well as an award of attorney's fees and costs based on the civil rights violations arising from the plaintiffs' illegal arrest and detention which was made without probable cause; assault and

excessive use of force by the defendants; discrimination based on his race and national origin; malicious prosecution and all other causes of action set forth herein against the afore-mentioned defendants.

3.      Individually, jointly or severally, defendants are liable to the plaintiff, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known at discovery or at trial.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the plaintiff's claims of violations of his Federal Constitutional Rights, pursuant to 28 U.S.C. Section 1331 (Federal Question Jurisdiction) and 28 U.S.C. Section 1343(a)(3) (Jurisdiction over Federal Constitutional Claims).

2.      Venue lies in this District pursuant to 28 U.S.C. 1391(e) because all or a substantial part of the events giving rise to the claim occurred here.

## PARTIES

1.      Plaintiff Gregory Williams is a Hispanic male and a citizen of the United States, and resides in Bloomfield, New Jersey.

2.      Defendant Arkadiusz Zylkiewicz was, at all times material, a law enforcement officer and was one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

3.      Defendant Ali Bravo was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey

City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

4.      Defendant Kayla Gonzalez was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and she was operating in her official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. She is being sued individually and in her official capacity, having acted under the color of State Law.

5.      Defendant Marvin Leggitts was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

6.      Defendant City of Jersey City is a municipality of the State of New Jersey, situated in Hudson County with agents authorized to receive service of process and owns, operates, manages, directs, and controls the Jersey City Police Department and employs defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, and Marvin Leggitts.

7.      Defendant Jersey City Police Department is a department of the City of Jersey City, which granted to the defendants, Arkadiusz Zylkiewicz, Ali, Kayla Gonzalez, and Marvin Leggitts, the legal authority and official responsibility for the investigation relevant to this matter.

8.      Defendant Mike Kelly was, at all-time relevant, the Chief of Police of the Jersey City Police Department, responsible for making and enforcing policy for the department. He

was the ultimate supervisor of defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, and Marvin Leggitts. He is being sued individually and in his official capacity.

9.    Defendants John Does 1-10 are individuals, currently un-identified, associated with, doing business as, employed by, servants of, or work persons of the defendants who are also responsible of the civil rights violation of the plaintiff and, therefore, have liability and responsibility hereunder.

10.    Defendants ABC Corp. 1-10 are entities currently un-identified which are also liable and responsible for the civil rights violation which were perpetrated on the plaintiffs.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.    On March 4, 2023, Plaintiff Gregory Williams attempted to enter Halftime Bar and Grill, located at 746 West Side Avenue, Jersey City, New Jersey.

2.    Upon arriving at the location and parking his vehicle, Plaintiff walked toward the entrance of Halftime Bar and Grill. At that time, a police officer, later identified as Kayla Gonzalez, aggressively and vulgarly instructed Plaintiff to move his car. Plaintiff complied with the officer's directive.

3.    After moving his vehicle, Plaintiff began walking back toward the bar when his path was blocked by an unidentified police officer, later identified as one of the Defendants. The officer did not identify himself or provide any explanation for stopping Plaintiff.

4.    Moments later, another unidentified police officer, also later identified as one of the Defendants, approached Plaintiff from behind, grabbed him without warning, and attempted to forcibly drag Plaintiff to the ground.

5.       As Plaintiff attempted to inquire about the reason for the officers' actions, four police officers restrained his arms behind his back. During this time, one officer punched Plaintiff in the face, causing him to briefly lose consciousness.

6.       Plaintiff was then slammed to the ground, and his face was repeatedly and forcefully pressed into the concrete sidewalk.

7.       The Defendants subsequently placed Plaintiff in a police vehicle, covered his head with a bag, and continued to physically assault him.

8.       At no point during this encounter did Plaintiff strike or attempt to strike any of the Defendants, nor did he resist arrest.

9.       Throughout the encounter, the Defendants failed to ask Plaintiff for identification or provide any explanation as to why he was being detained.

10.      Plaintiff was transported to Jersey City Medical Center for medical evaluation and then taken to the Hudson County Jail, where he was held until his release on March 5, 2023.

11.      Plaintiff was falsley charged with several crimes under criminal complaint no. S-2023-000840, charges include aggravated assault on a police officer, throwing bodily fluid at a police officer, resisting arrest, disorderly conduct and failure to disperse.

12.      The criminal complaint against the plaintiff, upon information and belief, has been dismissed.

13.      As a direct and proximate result of the defendants' actions, the plaintiff sustained significant damages, which include: loss of freedom and liberty while being held in custody; physical injuries due to the use of excessive force; mental, psychological and emotional stress due to the false charges and subsequent prosecution; and economic loss due to legal fees incurred and lost wages.

## FACTUAL ALLEGATIONS IN SUPPORT OF THE MONELL CLAIMS

14.     The Jersey City Police Department ("JCPD") has a longstanding and well-documented pattern and practice of using excessive force against civilians, failing to discipline officers who engage in constitutional violations, and inadequately training and supervising its officers regarding the use of force and the constitutional rights of individuals - most, if not all, victims of said excessive force have been African-American or Hispanic. *See* Miscellaneous News Articles, attached hereto as **Exhibit A**

15.     This pattern and practice is reflected in numerous excessive force complaints, lawsuits, and public reports detailing instances where JCPD officers have engaged in violent and unconstitutional conduct without facing meaningful consequences.

16.     Between 2015 and 2019, the JCPD received approximately 123 excessive force complaints, averaging over 25 complaints per year. Despite the volume of complaints, the JCPD sustained only approximately 3% of these claims, a rate significantly lower than comparable jurisdictions such as Newark, which sustains approximately 19% of such claims.

17.     In 2019 alone, JCPD officers filed 608 use-of-force reports, representing a 229% increase from the previous year. This dramatic increase in reported uses of force reflects a systemic failure to prevent or address the misuse of force by JCPD officers.

18.     The City of Jersey City and its policymakers, including the Mayor and the Director of Public Safety, are aware of the JCPD's pattern of excessive force through litigation, civilian complaints, media reports, and internal investigations, yet they have failed to implement adequate corrective measures.

19.     For example, in <u>Cooper v. City of Jersey City</u>, a federal lawsuit filed in 2021, it was revealed that JCPD Officer John Ransom was the subject of seven separate excessive force

investigations over five years, yet he faced no substantial disciplinary action. Such tolerance of repeated misconduct demonstrates the City's deliberate indifference to constitutional violations.

20.     In another case, the family of a man fatally shot by JCPD officers during a mental health crisis in 2023 filed a wrongful death lawsuit alleging that the city and the JCPD failed to properly train officers in de-escalation techniques. This incident is part of a broader pattern of failing to provide adequate training on the appropriate use of force.

21.     In June 2017, a harrowing incident involving the Jersey City Police Department (JCPD) underscored systemic issues within the department. During a high-speed chase, police pursued a suspect's vehicle, which ultimately crashed and ignited. Miguel Feliz, an innocent bystander uninvolved in the chase, was inadvertently struck by the fleeing vehicle, causing his car to catch fire. As Feliz emerged from his burning vehicle, engulfed in flames, several JCPD officers approached him. Instead of rendering immediate medical assistance, the officers were captured on video kicking and dragging the burning man. This egregious conduct was widely condemned, and Feliz subsequently filed a lawsuit against the city and the police department, alleging brutality, excessive force, and false arrest.

22.     This incident exemplifies the JCPD's pattern of excessive force and inadequate training, particularly in high-stress situations. The officers' actions not only violated established protocols for handling injured civilians but also demonstrated a blatant disregard for human life and safety. The city's failure to address such misconduct effectively fosters a culture of impunity, where officers are not held accountable for their actions. This systemic negligence directly contributes to the perpetuation of constitutional violations, as evidenced by the traumatic experience endured by Mr. Feliz.

23.    Further, the City of Jersey City has a documented history of settling excessive force claims without admitting wrongdoing. For instance, in 2016, the City paid $14,500 to resolve allegations that JCPD officers assaulted a civilian. Tevin Henry alleged that Jersey City police officers used excessive force during his arrest. According to his lawsuit, after officers shouted "freeze," Henry complied by raising his hands. Despite his compliance, he claimed that the officers pushed him to the ground and assaulted him. Such settlements without corrective action reinforce a culture of impunity among JCPD officers.

24.    In the same year as the above settlement, On March 19, 2016, Jeremy Rennick was arrested outside the Salem Lafayette housing complex in Jersey City by Officers Humberto Balbosa, Kevin Geib, Sgt. Thomas Broderick, and Officer Chris Koszyk. Rennick's lawsuit alleged the officers ambushed and violently attacked him without provocation after he exited his vehicle. The officers claimed Rennick assaulted and dragged them with his vehicle, leading to charges of aggravated assault, eluding police, and resisting arrest. Surveillance video allegedly disproved these claims, and all charges were dismissed in October 2016 after Rennick spent six months in jail. In 2018, Jersey City settled the lawsuit for $25,000, reflecting a pattern of misconduct and inadequate oversight within the Jersey City Police Department, supporting a Monell claim against the municipality.

25.    The JCPD demonstrates a persistent failure to investigate and discipline officers involved in excessive force incidents adequately. Internal Affairs investigations rarely sustain complaints, and even when excessive force is documented, officers often receive minimal or no disciplinary action.

26.    This deliberate indifference and failure to train, supervise, and discipline JCPD officers directly caused the constitutional violations suffered by the Plaintiff and other members

of the public, making the City of Jersey City liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

27.     The actions of the defendants deprived plaintiff of his rights, inter alia, guaranteed under the Fourth Amendment to the United States Constitution; 42 U.S.C. §§ 1983, 1985 and 1988; the New Jersey Civil Rights Act (N.J.S.A. 10:6-1, et seq.); the New Jersey Law Against Discrimination (N.J.S.A. 10:5-1, et seq.)and Article 1, Paragraphs 5 and 7 of the New Jersey Constitution.

## FIRST CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATIONS VS. THE INDIVIDUAL DEFENDANTS FOR ARREST WITHOUT PROBABLE CAUSE, MALICIOUS PROSECUTION AND EXCESSIVE USE OF FORCE

1.     The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2.     At the time of the investigation, arrest, charges and prosecution, plaintiff had not committed any infraction to legally justify the charges made against him nor did there exist sufficient facts for a finding of probable cause.

3.     Defendants' initiation of and criminal prosecution of the plaintiff, made without probable cause, was done with malice in violation of his civil rights.

4.     The criminal complaint made by the defendants against the plaintiff resulted in a favorable disposition for the plaintiff.

5.     In addition, the officers' unjustified assault and physical attack on the plaintiff was unreasonable and constituted an excessive use of force.

6.     Defendants' actions stated above, inter alia, were committed under the color of state law and were violations of plaintiff's clearly established and well settled constitutional and other legal rights.

7.      Specifically, defendants' actions violated the Fourth Amendment to the United States Constitution.

8.      As a result, plaintiffs suffered and continue to suffer harm, including financial (wage loss, attorney's fees, and loss of earning capacity) and emotional distress, inter alia, in violation of his rights under the laws and Constitution of the United States of America, in particular the Fourth Amendment thereto, and Title 42 U.S.C. §§ 1983, 1985 and 1988 et seq.

## SECOND CAUSE OF ACTION – MONELL LIABILITY VS. THE GOVERNMENT DEFENDANTS AND ITS POLICE CHIEF

1.      The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2.      Prior to the events described herein, defendants City of Jersey City, the Jersey City Police Department and Police Chief Mike Kelly developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional rights of persons within its geographic and jurisdictional limits which caused the violations of plaintiffs' constitutional and other rights.

3.      Specifically, defendants failed to adequately and properly supervise and train its officers in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of probable cause, use of force, search and seizure, evaluation of character, and the laws of the United States, State of New Jersey, and otherwise.

4.      Further, for several years, the defendants tolerated and condoned the violation of the civil rights of its citizens by its police officers by failing to properly investigate and discipline its officers with respect to citizen complaints and, thereby, created an atmosphere whereby civil

rights violations frequently occurred. (Several examples of this are demonstrated in paragraphs 20-35 of the Factual Allegations in Support of the Monell Claims)

5.    The above described acts or omissions by the defendants, demonstrated a deliberate indifference to the rights of persons, such as the plaintiff, and were the cause of the violations of plaintiffs' rights as set forth herein.

## THIRD CAUSE OF ACTION – CONSPIRACY AS TO THE INDIVIDUAL DEFENDANTS

1.    The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2.    The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1985-1986, prohibits conspiracies to interfere with civil rights.

3.    Defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, and Marvin Leggitts; violated 42 U.S.C. § 1985 in that they conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny plaintiff the protection of the laws and to injure him.

4.    Defendants have each done and have caused to be done acts in furtherance of this conspiracy whereby plaintiff has been injured and has been deprived of his rights and privileges under the United States Constitution. In particular, these defendants conspired to falsify reports and bring unsubstantiated criminal charges against the plaintiff.

5.    Defendants had actual knowledge of the conspiracies to deprive plaintiff of his rights and had the power and opportunity to prevent the violations from occurring and continuing and failed to do so.

6.      As a direct and proximate result of the above, defendants caused plaintiff to suffer significant indignities, financial and other damages and deprived plaintiffs of his rights and privileges under the United States Constitution.

### FOURTH CAUSE OF ACTION – VIOLATION OF NEW JERSEY'S CIVIL RIGHTS ACT AND ARTICLE I, PAR. 5 & 7 OF NEW JERSEY'S CONSTITUTION

1.      The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.      The New Jersey Civil Rights Act, pursuant to N.J.S.A. 10:6-1, et seq., and Article I, Pars. 5 and 7 of the New Jersey Constitution protects against the deprivation of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey.

3.      At the time of the investigation, arrest, charges and prosecution, plaintiff had not committed any infractions to legally justify the defendant officers' unreasonable use of force, assault, false arrest and malicious prosecution.

4.      Defendants' actions stated above, inter alia, were committed under the color of state law and were violations of plaintiff's clearly established and well settled constitutional and other legal rights.

5.      As a result, plaintiff suffered and continues to suffer harm, including financial (wage loss, attorneys fees, and loss of earning capacity) and emotional distress, inter alia.

### FIFTH CAUSE OF ACTION – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

1.      The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.     The City of Jersey City and the Jersey City Police Department constitute a place of public accommodation pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

3.     The New Jersey Law against Discrimination prohibits unlawful discrimination by any agent or employee of a place of public accommodation to any person with respect to accommodations, advantages, facilities or privileges thereof on account of a person's race or national origin.

4.     By arresting and assaulting the plaintiff, a Hispanic male, without any basis for probable cause and due solely to his race or national origin, defendants violated the Law Against Discrimination.

5.     Moreover, defendants City of Jersey City, the Jersey City Police Department and Police Chief Kelly are vicariously liable for the actions of its employees pursuant to the theory of respondeat superior.

6.     Defendants City of Jersey City, the Jersey City Police Department, and Police Chief Kelly are also liable to the plaintiff based on their negligent hiring, training and supervision of defendants Arkadiusz Zylkiewicz, Officer Ali, Kayla Gonzalez, and Officer Marvin Leggitts.

7.     As a result, plaintiff suffered and continues to suffer harm, including financial (wage loss, attorneys fees, and loss of earning capacity) and emotional distress, inter alia.

**<u>SIXTH CAUSE OF ACTION – ASSAULT AND BATTERY</u>**

1.     The paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.     The actions of the defendants, in striking the plaintiff with their closed fist in his face, without any provocation or justification, constitutes an assault and battery.

3.     Plaintiff had committed no acts nor had resisted arrest to justify the assault on his person by the defendants.

4.     The actions of the defendants in assaulting the plaintiff constitute an intentional tort.

5.     As a result, plaintiff suffers and continues to suffer harm, including permanent scarring and disfigurement and emotional distress.

## SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.     The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.     The defendants' unconstitutional and discriminatory conduct against the plaintiff, in assaulting, falsely arresting and maliciously prosecuting him, constitutes an intentional act.

3.     The conduct of defendants amounts to extreme and outrageous behavior, which was beyond all possible bounds of decency, regarded as atrocious and utterly intolerable in a civilized society.

4.     The actions of the defendants were the proximate cause of the plaintiff's emotional distress.

5.     The emotional distress suffered by the plaintiff was so severe that no reasonable person would be expected to endure such hardship.

6.     There is a causal connection between the defendants' conduct and the plaintiff's damages.

7.     As a direct result of the above conduct by the defendants, the plaintiff has sustained damages as set forth above.

### EIGHTH CAUSE OF ACTION – PUNITIVE DAMAGES

1.     The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.     The actions of the defendants as well as the currently unidentified John Doe defendants in illegally and unjustifiably assaulting, arresting and prosecuting the plaintiff and discriminating against him based on his race or national origin amounts to malicious, willful and wanton conduct sufficient to justify an award of punitive damages pursuant to N.J.S.A. 2A:15-5.9, et seq. (the Punitive Damages Act).

3.     Defendants were fully aware that their conduct would result in serious harm to the plaintiff.

4.     An award of punitive damages in this matter is reasonable and justified based on the purpose of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against the defendants as follows:

(a)     Compensatory and consequential damages in an amount to be determined at trial;

(b)     Punitive damages on all claims allowed by law, in an amount to be determined at trial;

(c)     Attorney's fees and costs associates with this action, pursuant to 42 U.S.C. § 1988 and the N.J.L.A.D.

(d)     Any further relief as this Court deems just and proper and any other relief as allowed by law.

RESPECTFULLY SUBMITTED,

BY: _____
EDWARD MCELROY, ESQ.

Dated:  February 28, 2025

## **JURY DEMAND**

Plaintiff demands a Jury Trial on all issues raised in this Complaint.

BY: _____
EDWARD MCELROY, ESQ.

Dated:  February 28, 2025

# EXHIBIT A

**Menu**          Set Weather                          Subscribe

Search

HUDSON COUNTY

# Video shows cops kick innocent victim of fiery crash

Updated June 8, 2017 at 10:35 AM;
Posted June 7, 2017 at 2:47 PM

16

## 1.5k
shares

**By Caitlin Mota**

The Jersey Journal

**UPDATE:** Jersey City looks to fire officers who kicked man

*Editor's note: This story has been updated to include a new comment from Hudson County Prosecutor Esther Suarez.*

JERSEY CITY - In a new video of a fiery crash that critically injured a West New York man Sunday night, police officers are seen kicking and dragging the man -- who sources say was a victim in the two-car wreck -- into the roadway.

1

City officials said Wednesday morning they have "serious concerns" about how police handled the pursuit that began sometime around 11 p.m. in the Greenville section of the city and ended about six miles away with an innocent man fighting for his life.

The video, obtained by Univision and shared with The Jersey Journal, shows the 28-year-old man emerge from a burning car with parts of his body covered in flames. He is seen rolling on the ground to put out the flames. At the same time, more than half a dozen officers, many with their guns drawn, surround the man.

At least one cop in the video is seen forcefully kicking him in the head and neck area. Other officers are seen stomping on parts of his body.

Leo Pinkston, 48, has been charged with aggravated assault and eluding in the crash. Police fired multiple shots at Pinkston about a mile down the road before the crash.

"Our investigators have reviewed the video and we believe with certainty that this man is the bystander from West New York who suffered burns, not Leo Pinkston, the individual pursued by police," Hudson County Prosecutor Esther Suarez said in a statement.

A friend of the victim, who asked not to be identified out of respect for the family, said the 28-year-old was driving home from work when he tried to avoid crashing with Pinkston's speeding car.

The victim is still in the hospital "fighting for his life" with multiple broken bones and second- and third-degree burns, the friend said. The victim also has a very swollen face, which his friend said he thought was odd. After seeing the latest video, he is certain the man is his friend.

"It was just shocking," he said. "I didn't think a fire could cause that."

City spokeswoman Jennifer Morrill said the city is concerned about the way the pursuit was handled, and sources say it should have been called off at some point.

"We have serious concerns about the conduct of this pursuit, however, we are reserving judgment until the conclusion of the prosecutor's investigation," said Morrill, who declined to comment specifically on the video.

No cops have been suspended in connection with the chase, Carmine Disbrow, president of the Jersey City Police Officer's Benevolent Association, said. He criticized Public

5/7/2018    Video shows cops kick innocent victim of fiery crash ! NJ.com

Safety Director Jim Shea's decision to confiscate <u>new police SUVs from the district's involved in the pursuit.</u>

"As it should be, this entire incident is being fully investigated," said Carmine Disbrow, president of the JCPOBA. "Taking swift action isn't always elegant, but this video clearly shows that the officers acted quickly to extinguish the flames, and pull this man out of harm's way."

Suarez encouraged any other witnesses with additional footage or information on the incident to contact her office.

"I'd like to thank the individual who came forward with this video and I'd like the public to know that we welcome their help," Suarez said. "This video is now part of all the evidence we are considering as we investigate the actions of all individuals who were involved with the events of Sunday night in Jersey City."

*Jersey Journal staff writer Michaelangelo Conte contributed to this report.*

5/7/2018                    Four Jersey City cops suspended after chase, video shows victim being kicked

NEW
JERSEY 101.5                ON AIR NOW: DEMINSKI & DOYLE                  LISTEN NOW

HOME | NEWS | EVENTS | ON AIR | LISTEN | INSIDERS | CONTESTS | WEATHER | TRAFFIC | CONTACT | C

LOOK:  NJ 101.5 ON ALEXA    NJ 101.5 FLASH BRIEFINGS    WEATHER    NJ 101.5 APP    GET OUR NEWSLETTER    PODCASTS    BERMUDA CRUISE    BIG JOE TALENT SHOW

TALKING ABOUT

‹

NEW JERSEY'S #1
TO PICK 13

# FOUR JERSEY CITY COPS SUSPENDED AFTER CHASE, VIDEO SHOWS VICTIM BEING KICKED

DAN ALEXANDER



GET OUR

Email Address

LATEST POSTS

🗞   SHARE ON TWITTER              f        SHARE ON FACEBOOK

JERSEY CITY — Four Jersey City police officers have been suspended in connection with a controversial police chase that ended in a fiery crash — and with officers **seen in a video seeming to kick and drag an innocent victim of the incident.**

Jersey City Mayor Steven Fulop on Monday announced four police officers including a lieutenant have been suspended indefinitely without pay, and two deputy chiefs have been transferred.

The suspended officers were identified as Lt. Keith Ludwig, Officer M.D. Khan, Officer Erik Kosinski and Officer Francisco Rodriguez. The deputy chiefs were not identified.

 **Steven Fulop**
@StevenFulop

The actions here are fair. Not every decision is easy but we all must be accountable 4 our actions, Especially those w/public trust twitter.com/njdotcom/statu…

3:32 PM - Jun 12, 2017

18    See Steven Fulop's other Tweets

5/7/2018                         Four Jersey City cops suspended after chase, video shows victim being kicked

Fulop and Jersey City Public Safety Director James Shea said they had concluded the officers violated several guidelines during the chase, including firing shots from their vehicle at another moving vehicle. New Jersey State Attorney General guidelines state officers should only fire at moving vehicles as a matter of last resort to protect public safety.

Authorities say Leo Pinkston led police on a chase lasting several blocks late on the evening of June 4, and was involved in at least two separate crashes over the course of the pursuit.

It ended when he crashed into a utility pole, which caused a fire that injured Miguel Feliz-Rodriguez, who was driving on Tonnelle Avenue. Hudson County Prosecutor Ester Suarez said after the crash, Feliz-Rodriguez was taken to the Burn Center at St. Barnabas Medical Center in Livingston, where he was listed as being in stable condition as of Thursday night.



Video from the incident surfaced several days later, seeming to show police kicking and dragging a bystander at the end of the pursuit.

Suarez has asked people not to rush to judgment, but promised a thorough review of the incident. She said authorities would have to "review over 15 videos containing several hours of evidence, interview more than 20 witnesses and conduct a ballistics investigation into multiple shootings."

Jersey City Mayor Steven Fulop (David Matthau, Townsquare Media NJ)

She said after Fulop's announcement that the investigation is ongoing and results are pending.

Carmine Disbrow, president of the Jersey City Police Officer's Benevolent Association, has said he believes the video shows officers actually trying to help the man in question.

"Taking swift action isn't always elegant, but this video clearly shows that the officers acted quickly to extinguish the flames, and pull this man out of harm's way," he said last week.

Fulop previously said what he saw in the video was "unacceptable" and said "We'll pursue termination and criminal charges as appropriate.

Patrick Culligan, president of the NJ State Policemen's Benevolent Association, said of Fulop's announcement: "We don't represent the Jersey City guys, but I think it's a pretty terrible rush to judgement. I have a lot of faith in Prosecutor Suarez but I think that she could make that decision. Another rush to judgment. Disappointing that politicians feel like they should be inserting themselves into police cases. Par for the course in 2017 I guess."

Feliz underwent surgery for burns last week and remains hospitalized.

*David Matthau, Adam Hochron and the Associated Press contributed to this report.*

*Contact reporter Dan Alexander at **Dan.Alexander@townsquaremedia.com**.*

**More from New Jersey 101.5:**

Spadea    Heroic Jersey City cops under fire from Mayor Fulop

**Menu**        Set Weather                                          Subscribe
                                                                          Sign In  Search

<u>HUDSON COUNTY</u>

# Jersey City settles police brutality lawsuit for $14,500

Posted September 6, 2016 at 10:26 AM

jcpd.JPG

Jersey City police were accused in a lawsuit of assaulting a Jersey City man on Nov. 1, 2012. The city recently settled the suit for $14,500. *(Journal file photo)*

21                        **56**
                         shares

By <u>Ron Zeitlinger</u>
The Jersey Journal                                                    1 🔔

Jersey City has agreed to pay a city resident $14,500 to settle a police brutality lawsuit the man filed two years ago, court records show.

5/7/2018                            Jersey City settles police brutality lawsuit for $14,500 | NJ.com

In a federal lawsuit initially filed Sept. 3, 2014, Tevin Henry accused more than a dozen police officers of assaulting him after they ordered him to stop while he was riding a bicycle on Winfield Avenue at 9:30 p.m. on Nov. 1, 2012.

Henry said in his lawsuit that he dropped the bike and put his hands in the air when the police officers ordered him to stop. The lawsuit also says the police officers "pushed (Henry's) face into the ground and began hitting him with flashlights and night sticks in the face."

## TEVIN HENRY AMENDED LAWSUIT

Police also "twisted his ankles and kicked and stepped on his chest," Henry said in the lawsuit." Henry said he was handcuffed and accused of carrying a gun, but when he was searched police found only a flashlight and they smashed it, the lawsuit said.

Jersey City officials did not immediately respond to a request for comment.

The settlement, first reported by John Paff on his njcivilsettlements.blogspot.com website, was approved by the Jersey City City Council -- by a 9-0 vote -- at its Aug. 17 meeting.

The lawsuit alleged excessive force, brutality and assault and battery by police. The lawsuit also said Henry suffered "severe and grievous permanent injuries," but it did not specify the injuries.

According to federal electronic court records, the Jersey City Police Department is a defendant in 16 cases.



Registration on or use of this site constitutes acceptance of our **User Agreement** and **Privacy Policy**

© 2018 New Jersey On-Line LLC. All rights reserved (**About Us**).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of New Jersey On-Line LLC.

**Community Rules** apply to all content you upload or otherwise submit to this site.

▷ Ad Choices



**Menu**          Set Weather                                        Subscribe        Search

HUDSON COUNTY

# Jersey City to pay $45K to settle police brutality claim

Updated June 9, 2017 at 1:07 PM;
Posted June 9, 2017 at 11:24 AM



The Jersey City council is scheduled to approve a $45,000 settlement to end a police brutality lawsuit filed in 2012. (Reena Rose Sibayan | The Jersey Journal)

8

**19**
shares

By **Terrence T. McDonald,** tmcdonald@jjournal.com
The Jersey Journal

JERSEY CITY -- A man who accused Jersey City cops of beating him during a 2011 party on Martin Luther King Drive is set to receive $45,000 to drop his federal lawsuit against the city.

Michael Wheeler was arrested after police officers responded to the event on a report of there being people with handguns nearby. Wheeler, who said he was working security at the party, alleged a group of four officers grabbed him,

punched him, kneed him in the gut and hit him with a baton when he wouldn't leave the scene.

The officers said there was physical contact but argued they did not use excessive force.

Wheeler suffered a fractured skull and drifted in and out of consciousness for up to six hours while he was at the hospital following the beating, according to a March 14, 2016 decision by U.S. District Judge Madeline Cox Arleo, who allowed some of Wheeler's claims to move forward and dismissed others. Some of the incident was caught on video that gave "credence to plaintiffs' claims of excessive force," the judge said.

Wheeler and his wife initially filed the lawsuit in December 2012. The matter was set for trial in early May when both parties settled.

The City Council is scheduled to approve the $45,000 settlement on Wednesday.

ADVERTISING

Learn more



This week the city's police force faced new accusations of police brutality following a six-mile pursuit Sunday night that ended in a car crash on Tonnelle Avenue.

A video surfaced Tuesday showing police officers kicking a man who had climbed out of a burning car. The man turned out not to be Leo Pinkston, the man police say led them on the chase, but Miguel Feliz, a West New York man whose car Pinkston is accused of crashing into at the end of the pursuit.

Feliz remains hospitalized in stable condition.

*Terrence T. McDonald may be reached at tmcdonald@jjournal.com. Follow him on Twitter @terrencemcd. Find The Jersey Journal on Facebook.*

**Menu**          Set Weather                                                    Subscribe          Search

<u>JERSEY JOURNAL PRINT EDITION</u>

# Brutality lawsuit against Jersey City police, tavern moving forward

Updated Jul 17, 2017;
Posted Jul 15, 2017



Hector Mejias, 36, of Jersey City.
Photo taken on September 30,
2012. Michael Dempsey | The
Jersey Journal

4                                    **72**
                                    shares

**By <u>Caitlin Mota</u>**
The Jersey Journal

The Jersey City Police Department and a former mayor's son are at the center
of a multi-million dollar police brutality lawsuit that alleges a man was beaten
so viciously he suffered permanent brain damage.

The allegations stem from a 2012 assault outside Healy's Tavern on Newark
Avenue involving off-duty police officers and the bar's owner, Jeremiah S. Healy,
a Jersey City firefighter and son of then-Mayor Jerramiah Healy.

Hector Mejias is seeking damages for pain, suffering and emotional distress for
the Sept. 29 incident.

Motions to dismiss the lawsuit were denied by an Essex County Superior Court judge in June. The case was transferred out of Hudson County because at least one person listed in the complaint has a relative working in the Hudson courthouse. The next hearing in the case is Aug. 14.

According to the lawsuit, Mejias was driving home when he saw a group near the bar beating another man in the middle of the street. Mejias told the attackers to stop beating up the victim and said he was going to call the police, the lawsuit says. When he took out his phone, the men doing the beating said they were cops.

Those officers, who were off-duty and are identified in the lawsuit as detectives Chris Heger and Mark D'Ambrosio, appeared "highly intoxicated" and approached Mejias, the suit says.

In the lawsuit Mejias says he went back to his car, but Healy Jr. tried to stop him from driving away. Mejias later bit three of Healy's fingers in self-defense, the lawsuit said.

Heger and D'Ambrosio ripped Mejias from the vehicle and continued to "beat him and kick him violently," the lawsuit indicates.

Mejias was brought to the hospital for treatment and was then arrested on assault charges. Officials said a grand jury declined to indict Mejias in April 2013.

Authorities, however, painted a different picture of the incident in 2012. Police reports indicated Mejias hit the off-duty officers while he was trying to defend his friend, who was being subdued by the detectives. Healy tried to take Mejias' keys so he couldn't get away from the officers, police said.

Those reports were not accurate and were intentionally "misleading" to "cover up the actions" of Heger, D'Ambrosio and Healy, who lied to the on-duty cops who responded to the fight, the lawsuit claims.

The on-duty officers involved in the alleged cover-up are Stephen Wilson, Samantha Pescatore and Sgt. Timothy Ackerley, the lawsuit said. Those officers were not involved in the physical altercation, according to the filings.

Mejias, meanwhile, is permanently disabled because of his injuries. The lawsuit says he suffered a concussion and has developed a seizure disorder. His eye socket was severely damaged and he cannot return to his job as a truck driver, the filings state.

The lawsuit also wants Healy's Tavern held accountable for allegedly serving alcohol to Heger and D'Ambrosio, who were already drunk. Judy Taboada, the attorney representing the tavern and Healy, did not return a call seeking comments on the lawsuit.

Jersey City spokeswoman Jennifer Morrill declined to comment on the case, but did stress the "all events precede (Mayor Steve Fulop's) administration."

Mejias' attorney Mario Blanch declined to discuss the specifics of the lawsuit, but said the "actions of the Jersey City Police Department were aggressive and heinous" and Mejias is looking forward to his day in court.

While the West New York attorney could not discuss how much money Mejias is seeking, filings indicate the lawsuit will not exceed $10 million.

Last month, the City Council approved a $45,000 settlement for a 2011 beating outside a house party. That settlement came as the department faces new allegations of police brutality after video surfaced of officers kicking an innocent man in the face after a police pursuit ended in a fiery crash.

*Caitlin Mota may be reached at cmota@jjournal.com. Follow her on Twitter @caitlin_mota-- .*

5/14/2018                                Brutality lawsuit against Jersey City police, tavern moving forward | NJ.com

Registration on or use of this site constitutes acceptance of our **User Agreement** and **Privacy Policy**

© 2018 New Jersey On-Line LLC. All rights reserved (**About Us**).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior
written permission of New Jersey On-Line LLC.

**Community Rules** apply to all content you upload or otherwise submit to this site.

**Ad Choices**

5/14/2018                                   $25K settlement to end case of alleged police brutality in Jersey City | NJ.com

**Menu**           Set Weather                                                    Subscribe
                                                                                             Search

HUDSON COUNTY

# $25K settlement to end case of alleged police brutality in Jersey City

Updated Apr 23;
Posted Apr 23



The council is expected to approve the settlement on
April 25. (Reena Rose Sibayan | The Jersey Journal)

8                          **20**
                          shares

By **Terrence T. McDonald,** tmcdonald@jjournal.com
The Jersey Journal

JERSEY CITY — The City Council this week is scheduled to approve a $25,000
settlement for a man who alleges cops attacked him and falsely charged him
with crimes outside the Salem Lafayette housing complex two years ago.

Jeremy Rennick sued Jersey City, its police department and four officers in
federal court last year, claiming the March 19, 2016 arrest violated his civil
rights. His attorneys and a city spokeswoman declined to comment on the

1

settlement proposal, which is up for council approval on Wednesday night.

<u>Rennick's six-count lawsuit</u> offers a drastically different version of events than the one described by authorities after his arrest.

Cops accused Rennick of punching one officer and dragging a second one with his car before being taken into custody. He was charged with aggravated assault on a police officer, eluding police and resisting arrest.

The lawsuit says surveillance video showed the cops' accounts to be untrue. Officers Humberto Balbosa and Kevin Geib ambushed Rennick and launched a "violent, unprovoked" attack after he stepped out of his car, according to the lawsuit.

A spokesman for the Hudson County Prosecutor's Office said the charges against Rennick were dismissed in October 2016. By that point, Rennick had already spent six months behind bars, according to his lawsuit.

_____

Rennick also named Sgt. Thomas Broderick and Officer Chris Koszyk as defendants. A request for comment from the spokesman for Jersey City's police unions was not returned.

*Terrence T. McDonald may be reached at <u>tmcdonald@jjournal.com</u>. Follow him on Twitter <u>@terrencemcd</u>. Find <u>The Jersey Journal on Facebook</u>.*



Registration on or use of this site constitutes acceptance of our **User Agreement** and **Privacy Policy**

© 2018 New Jersey On-Line LLC. All rights reserved (**About Us**).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of New Jersey On-Line LLC.

5/14/2018                                  Jersey City man alleges police brutality in home

⊡ WATCH NEWS 12 NOW

Advertisement

Log In    Change Region

**WEATHER    TOP STORIES    TRAFFIC    CRIME    FOOD & FUN    SLIDESHOWS**

# Jersey City man alleges police brutality in home

A Jersey City man says he believed he was becoming the victim of a home invasion, but the real trouble began when police arrived.

Mathias Bolton, 34, is accusing Jersey City police officers of brutality. He says plainclothes officers answered his 911 call and never identified themselves. He says they pushed him around and yelled at him.

Bolton says he fought back and ended up with bruises, open sores, a twisted ankle and cracked ribs.

He says uniformed officers arrived soon after and started beating him up as well.

Jersey City police and the mayor's office say they are standing by the police report filed by two of the officers, which says they identified themselves and that Bolton started the struggle.

Bolton was charged with aggravated assault on a police officer and resisting arrest. The charges were later downgraded. An internal investigation into the incident is under way.

HOME    WEATHER    TOP STORIES    TRAFFIC    CRIME    FOOD & FUN    SLIDESHOWS

**FOLLOW US**

Join Us On Facebook
Join Us On Twitter
Get our Apps
Go to Mobile Website
Sign Up for Our Newsletters

**OUR NETWORK**

Optimum
Newsday
News 12 Varsity
Newsday Cars
Newsday Homes

**HELPFUL LINKS**

Careers
Internships
Advertise
RSS
About Us
News Tips
Send Us Photos/Video
Newscasts

**MORE LINKS**

Site Map
Feedback
Terms of Service
Privacy Policy

All content © 2001 - 2018 Frankly and NEWS12. All Rights Reserved. For more information on this site, please read our **Privacy Policy**, **Terms of Service**, and **Ad Choices**.