UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY WILLIAMS, <br><br> Plaintiff, <br> v. <br><br> CITY OF JERSEY CITY; JERSEY CITY POLICE DEPARTMENT; ARKADIUSZ ZYLKIEWICZ; ALI BRAVO; KAYLA GONZALEZ; MARVIN LEGGITTS; NURBERTO BATISTA, ROBERT J. KEARNS; JOHN DOES 1-20 (fictitious) and ABC CORP. 1-20(fictitious), <br><br> Defendants. | CIVIL ACTION NO.: <br> 2:25-cv-01572-CCC-CLW <br><br><br> **AMENDED COMPLAINT** |

Plaintiff, Gregory Williams, residing in the City of Bloomfield, County of Essex, in the State of New Jersey, by way of Complaint against the above-named defendants, through his undersigned attorney, hereby says the following:

**PRELIMINARY STATEMENT**

1. The plaintiff is a Hispanic male, a resident of Bloomfield, New Jersey who brings this action, pursuant to 42 U.S.C. 1983 and N.J.S.A. 10:6-1, et seq., for damages and other relief against defendants City of Jersey City; Jersey City Police Department; Jersey City Police Officers Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, Marvin Leggitts, and Nurberto Batista; Acting Police Chief Robert J. Kearns; John Does 1-20 (fictitious): and ABC Corp. 1-20 (fictitious), who, while acting under color of state law, violated plaintiff's rights pursuant to the Fourth Amendment of the United States Constitution; the New Jersey Law Against Discrimination; as well as Article 1, paragraphs 5 and 7 of the New Jersey State Constitution.

2. This action seeks an award of compensatory, statutory and punitive damages as well as an award of attorney's fees and costs based on the civil rights violations arising from the plaintiffs' illegal arrest and detention which was made without probable cause; assault and

excessive use of force by the defendants; discrimination based on his race and national origin; malicious prosecution and all other causes of action set forth herein against the afore-mentioned defendants.

3. Individually, jointly or severally, defendants are liable to the plaintiff, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known at discovery or at trial.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the plaintiff's claims of violations of his Federal Constitutional Rights, pursuant to 28 U.S.C. Section 1331 (Federal Question Jurisdiction) and 28 U.S.C. Section 1343(a)(3) (Jurisdiction over Federal Constitutional Claims).

2. Venue lies in this District pursuant to 28 U.S.C. 1391(e) because all or a substantial part of the events giving rise to the claim occurred here.

## PARTIES

1. Plaintiff Gregory Williams is a Hispanic male and a citizen of the United States, and resides in Bloomfield, New Jersey.

2. Defendant Arkadiusz Zylkiewicz was, at all times material, a law enforcement officer and was one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

3. Defendant Ali Bravo was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey

City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

4. Defendant Kayla Gonzalez was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and she was operating in her official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. She is being sued individually and in her official capacity, having acted under the color of State Law.

5. Defendant Marvin Leggitts was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

6. Defendant Nurberto Batista was, at all times material, a law enforcement officer and one of the officials responsible for the investigation and charging relevant to this matter and he was operating in his official capacity as an employee, worker, or agent of defendant City of Jersey City/Jersey City Police Department. He is being sued individually and in his official capacity, having acted under the color of State Law.

7. Defendant City of Jersey City is a municipality of the State of New Jersey, situated in Hudson County with agents authorized to receive service of process and owns, operates, manages, directs, and controls the Jersey City Police Department and employs defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, Marvin Leggitts, and Nurberto Batista.

8. Defendant Jersey City Police Department is a department of the City of Jersey City, which granted to the defendants, Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, Marvin

Leggitts, and Nurberto Batista, the legal authority and official responsibility for the investigation relevant to this matter.

9. Defendant Robert J. Kearns was, at all-time relevant, the Acting Chief of Police of the Jersey City Police Department, responsible for making and enforcing policy for the department. He was the ultimate supervisor of defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, Marvin Leggitts, and Nurberto Batista. He is being sued individually and in his official capacity.

10. Defendants John Does 1-20 are individuals, currently un-identified, associated with, doing business as, employed by, servants of, or work persons of the defendants who are also responsible of the civil rights violation of the plaintiff and, therefore, have liability and responsibility hereunder.

11. Defendants ABC Corp. 1-20 are entities currently un-identified which are also liable and responsible for the civil rights violation which were perpetrated on the plaintiffs.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On March 4, 2023, Plaintiff Gregory Williams attempted to enter Halftime Bar and Grill, located at 746 West Side Avenue, Jersey City, New Jersey.

2. Upon arriving at the location and parking his vehicle, Plaintiff walked toward the entrance of Halftime Bar and Grill. At that time, a police officer, later identified as Kayla Gonzalez, aggressively and vulgarly instructed Plaintiff to move his car. Plaintiff complied with the officer's directive.

3. After moving his vehicle, Plaintiff began walking back toward the bar when his path was blocked by an unidentified police officer, later identified as one of the Defendants. The officer did not identify himself or provide any explanation for stopping Plaintiff.

4. Moments later, another unidentified police officer, also later identified as one of the Defendants, approached Plaintiff from behind, grabbed him without warning, and attempted to forcibly drag Plaintiff to the ground.

5. As Plaintiff attempted to inquire about the reason for the officers' actions, four police officers restrained his arms behind his back. During this time, one officer punched Plaintiff in the face, causing him to briefly lose consciousness.

6. Plaintiff was then slammed to the ground, and his face was repeatedly and forcefully pressed into the concrete sidewalk.

7. The Defendants subsequently placed Plaintiff in a police vehicle, covered his head with a bag, and continued to physically assault him.

8. At no point during this encounter did Plaintiff strike or attempt to strike any of the Defendants, nor did he resist arrest.

9. Throughout the encounter, the Defendants failed to ask Plaintiff for identification or provide any explanation as to why he was being detained.

10. Plaintiff was transported to Jersey City Medical Center for medical evaluation and then taken to the Hudson County Jail, where he was held until his release on March 5, 2023.

11. Plaintiff was falsley charged with several crimes under criminal complaint no. S-2023-000840, charges include aggravated assault on a police officer, throwing bodily fluid at a police officer, resisting arrest, disorderly conduct and failure to disperse.

12. The criminal complaint against the plaintiff, upon information and belief, has been dismissed.

13. As a direct and proximate result of the defendants' actions, the plaintiff sustained significant damages, which include: loss of freedom and liberty while being held in custody;

physical injuries due to the use of excessive force; mental, psychological and emotional stress due to the false charges and subsequent prosecution; and economic loss due to legal fees incurred and lost wages.

## FACTUAL ALLEGATIONS IN SUPPORT OF THE MONELL CLAIMS

1. The Jersey City Police Department ("JCPD") has a longstanding and well-documented pattern and practice of using excessive force against civilians, failing to discipline officers who engage in constitutional violations, and inadequately training and supervising its officers regarding the use of force and the constitutional rights of individuals - most, if not all, victims of said excessive force have been African-American or Hispanic. *See* Miscellaneous News Articles, attached hereto as **Exhibit A**

2. This pattern and practice is reflected in numerous excessive force complaints, lawsuits, and public reports detailing instances where JCPD officers have engaged in violent and unconstitutional conduct without facing meaningful consequences.

3. Between 2015 and 2019, the JCPD received approximately 123 excessive force complaints, averaging over 25 complaints per year. Despite the volume of complaints, the JCPD sustained only approximately 3% of these claims, a rate significantly lower than comparable jurisdictions such as Newark, which sustains approximately 19% of such claims.

4. In 2019 alone, JCPD officers filed 608 use-of-force reports, representing a 229% increase from the previous year. This dramatic increase in reported uses of force reflects a systemic failure to prevent or address the misuse of force by JCPD officers.

5. The City of Jersey City and its policymakers, including the Mayor and the Director of Public Safety, are aware of the JCPD's pattern of excessive force through litigation, civilian

complaints, media reports, and internal investigations, yet they have failed to implement adequate corrective measures.

6. For example, in Cooper v. City of Jersey City, a federal lawsuit filed in 2021, it was revealed that JCPD Officer John Ransom was the subject of seven separate excessive force investigations over five years, yet he faced no substantial disciplinary action. Such tolerance of repeated misconduct demonstrates the City's deliberate indifference to constitutional violations.

7. In another case, the family of a man fatally shot by JCPD officers during a mental health crisis in 2023 filed a wrongful death lawsuit alleging that the city and the JCPD failed to properly train officers in de-escalation techniques. This incident is part of a broader pattern of failing to provide adequate training on the appropriate use of force.

8. In June 2017, a harrowing incident involving the Jersey City Police Department (JCPD) underscored systemic issues within the department. During a high-speed chase, police pursued a suspect's vehicle, which ultimately crashed and ignited. Miguel Feliz, an innocent bystander uninvolved in the chase, was inadvertently struck by the fleeing vehicle, causing his car to catch fire. As Feliz emerged from his burning vehicle, engulfed in flames, several JCPD officers approached him. Instead of rendering immediate medical assistance, the officers were captured on video kicking and dragging the burning man. This egregious conduct was widely condemned, and Feliz subsequently filed a lawsuit against the city and the police department, alleging brutality, excessive force, and false arrest.

9. This incident exemplifies the JCPD's pattern of excessive force and inadequate training, particularly in high-stress situations. The officers' actions not only violated established protocols for handling injured civilians but also demonstrated a blatant disregard for human life and safety. The city's failure to address such misconduct effectively fosters a culture of impunity,

where officers are not held accountable for their actions. This systemic negligence directly contributes to the perpetuation of constitutional violations, as evidenced by the traumatic experience endured by Mr. Feliz.

10. Further, the City of Jersey City has a documented history of settling excessive force claims without admitting wrongdoing. For instance, in 2016, the City paid $14,500 to resolve allegations that JCPD officers assaulted a civilian. Tevin Henry alleged that Jersey City police officers used excessive force during his arrest. According to his lawsuit, after officers shouted "freeze," Henry complied by raising his hands. Despite his compliance, he claimed that the officers pushed him to the ground and assaulted him. Such settlements without corrective action reinforce a culture of impunity among JCPD officers.

11. In the same year as the above settlement, On March 19, 2016, Jeremy Rennick was arrested outside the Salem Lafayette housing complex in Jersey City by Officers Humberto Balbosa, Kevin Geib, Sgt. Thomas Broderick, and Officer Chris Koszyk. Rennick's lawsuit alleged the officers ambushed and violently attacked him without provocation after he exited his vehicle. The officers claimed Rennick assaulted and dragged them with his vehicle, leading to charges of aggravated assault, eluding police, and resisting arrest. Surveillance video allegedly disproved these claims, and all charges were dismissed in October 2016 after Rennick spent six months in jail. In 2018, Jersey City settled the lawsuit for $25,000, reflecting a pattern of misconduct and inadequate oversight within the Jersey City Police Department, supporting a Monell claim against the municipality.

12. The JCPD demonstrates a persistent failure to investigate and discipline officers involved in excessive force incidents adequately. Internal Affairs investigations rarely sustain

complaints, and even when excessive force is documented, officers often receive minimal or no disciplinary action.

13. This deliberate indifference and failure to train, supervise, and discipline JCPD officers directly caused the constitutional violations suffered by the Plaintiff and other members of the public, making the City of Jersey City liable under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

14. The actions of the defendants deprived plaintiff of his rights, inter alia, guaranteed under the Fourth Amendment to the United States Constitution; 42 U.S.C. §§ 1983, 1985 and 1988; the New Jersey Civil Rights Act (N.J.S.A. 10:6-1, et seq.); the New Jersey Law Against Discrimination (N.J.S.A. 10:5-1, et seq.) and Article 1, Paragraphs 5 and 7 of the New Jersey Constitution.

## <u>FIRST CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATIONS VS. THE INDIVIDUAL DEFENDANTS FOR ARREST WITHOUT PROBABLE CAUSE, MALICIOUS PROSECUTION AND EXCESSIVE USE OF FORCE</u>

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. At the time of the investigation, arrest, charges and prosecution, plaintiff had not committed any infraction to legally justify the charges made against him nor did there exist sufficient facts for a finding of probable cause.

3. Defendants' initiation of and criminal prosecution of the plaintiff, made without probable cause, was done with malice in violation of his civil rights.

4. The criminal complaint made by the defendants against the plaintiff resulted in a favorable disposition for the plaintiff.

5. In addition, the officers' unjustified assault and physical attack on the plaintiff was unreasonable and constituted an excessive use of force.

6. Defendants' actions stated above, inter alia, were committed under the color of state law and were violations of plaintiff's clearly established and well settled constitutional and other legal rights.

7. Specifically, defendants' actions violated the Fourth Amendment to the United States Constitution.

8. As a result, plaintiffs suffered and continue to suffer harm, including financial (wage loss, attorney's fees, and loss of earning capacity) and emotional distress, inter alia, in violation of his rights under the laws and Constitution of the United States of America, in particular the Fourth Amendment thereto, and Title 42 U.S.C. §§ 1983, 1985 and 1988 et seq.

**SECOND CAUSE OF ACTION – MONELL LIABILITY VS. THE GOVERNMENT DEFENDANTS AND ITS POLICE CHIEF**

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. Prior to the events described herein, defendants City of Jersey City, the Jersey City Police Department and Acting Police Chief Robert J. Kearns developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional rights of persons within its geographic and jurisdictional limits which caused the violations of plaintiffs' constitutional and other rights.

3. Specifically, defendants failed to adequately and properly supervise and train its officers in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of probable cause, use of force, search and

seizure, evaluation of character, and the laws of the United States, State of New Jersey, and otherwise.

4. Further, for several years, the defendants tolerated and condoned the violation of the civil rights of its citizens by its police officers by failing to properly investigate and discipline its officers with respect to citizen complaints and, thereby, created an atmosphere whereby civil rights violations frequently occurred. (Several examples of this are demonstrated in paragraphs 20-35 of the Factual Allegations in Support of the Monell Claims)

5. The above described acts or omissions by the defendants, demonstrated a deliberate indifference to the rights of persons, such as the plaintiff, and were the cause of the violations of plaintiffs' rights as set forth herein.

## THIRD CAUSE OF ACTION – CONSPIRACY AS TO THE INDIVIDUAL DEFENDANTS

1. The above paragraphs are incorporated by reference as if fully set forth at length herein and below.

2. The Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1985-1986, prohibits conspiracies to interfere with civil rights.

3. Defendants Arkadiusz Zylkiewicz, Ali Bravo, Kayla Gonzalez, Marvin Leggitts, and Nurberto Batista; violated 42 U.S.C. § 1985 in that they conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny plaintiff the protection of the laws and to injure him.

4. Defendants have each done and have caused to be done acts in furtherance of this conspiracy whereby plaintiff has been injured and has been deprived of his rights and privileges under the United States Constitution. In particular, these defendants conspired to falsify reports and bring unsubstantiated criminal charges against the plaintiff.

5. Defendants had actual knowledge of the conspiracies to deprive plaintiff of his rights and had the power and opportunity to prevent the violations from occurring and continuing and failed to do so.

6. As a direct and proximate result of the above, defendants caused plaintiff to suffer significant indignities, financial and other damages and deprived plaintiffs of his rights and privileges under the United States Constitution.

### FOURTH CAUSE OF ACTION – VIOLATION OF NEW JERSEY'S CIVIL RIGHTS ACT AND ARTICLE I, PAR. 5 & 7 OF NEW JERSEY'S CONSTITUTION

1. The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. The New Jersey Civil Rights Act, pursuant to N.J.S.A. 10:6-1, et seq., and Article I, Pars. 5 and 7 of the New Jersey Constitution protects against the deprivation of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey.

3. At the time of the investigation, arrest, charges and prosecution, plaintiff had not committed any infractions to legally justify the defendant officers' unreasonable use of force, assault, false arrest and malicious prosecution.

4. Defendants' actions stated above, inter alia, were committed under the color of state law and were violations of plaintiff's clearly established and well settled constitutional and other legal rights.

5. As a result, plaintiff suffered and continues to suffer harm, including financial (wage loss, attorneys fees, and loss of earning capacity) and emotional distress, inter alia.

## FIFTH CAUSE OF ACTION – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

1. The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. The City of Jersey City and the Jersey City Police Department constitute a place of public accommodation pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

3. The New Jersey Law against Discrimination prohibits unlawful discrimination by any agent or employee of a place of public accommodation to any person with respect to accommodations, advantages, facilities or privileges thereof on account of a person's race or national origin.

4. By arresting and assaulting the plaintiff, a Hispanic male, without any basis for probable cause and due solely to his race or national origin, defendants violated the Law Against Discrimination.

5. Moreover, defendants City of Jersey City, the Jersey City Police Department and Police Chief Kelly are vicariously liable for the actions of its employees pursuant to the theory of respondeat superior.

6. Defendants City of Jersey City, the Jersey City Police Department, and Police Chief Kelly are also liable to the plaintiff based on their negligent hiring, training and supervision of defendants Arkadiusz Zylkiewicz, Officer Ali, Kayla Gonzalez, Officer Marvin Leggitts, Officer Nurberto Batista.

7. As a result, plaintiff suffered and continues to suffer harm, including financial (wage loss, attorneys fees, and loss of earning capacity) and emotional distress, inter alia.

## SIXTH CAUSE OF ACTION – ASSAULT AND BATTERY

1. The paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. The actions of the defendants, in striking the plaintiff with their closed fist in his face, without any provocation or justification, constitutes an assault and battery.

3. Plaintiff had committed no acts nor had resisted arrest to justify the assault on his person by the defendants.

4. The actions of the defendants in assaulting the plaintiff constitute an intentional tort.

5. As a result, plaintiff suffers and continues to suffer harm, including permanent scarring and disfigurement and emotional distress.

## SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2. The defendants' unconstitutional and discriminatory conduct against the plaintiff, in assaulting, falsely arresting and maliciously prosecuting him, constitutes an intentional act.

3. The conduct of defendants amounts to extreme and outrageous behavior, which was beyond all possible bounds of decency, regarded as atrocious and utterly intolerable in a civilized society.

4. The actions of the defendants were the proximate cause of the plaintiff's emotional distress.

5. The emotional distress suffered by the plaintiff was so severe that no reasonable person would be expected to endure such hardship.

6.    There is a causal connection between the defendants' conduct and the plaintiff's damages.

7.    As a direct result of the above conduct by the defendants, the plaintiff has sustained damages as set forth above.

### EIGHTH CAUSE OF ACTION – PUNITIVE DAMAGES

1.    The above paragraphs above are incorporated by reference as if fully set forth at length herein and below.

2.    The actions of the defendants as well as the currently unidentified John Doe defendants in illegally and unjustifiably assaulting, arresting and prosecuting the plaintiff and discriminating against him based on his race or national origin amounts to malicious, willful and wanton conduct sufficient to justify an award of punitive damages pursuant to N.J.S.A. 2A:15-5.9, et seq. (the Punitive Damages Act).

3.    Defendants were fully aware that their conduct would result in serious harm to the plaintiff.

4.    An award of punitive damages in this matter is reasonable and justified based on the purpose of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against the defendants as follows:

(a) Compensatory and consequential damages in an amount to be determined at trial;

(b) Punitive damages on all claims allowed by law, in an amount to be determined at trial;

(c) Attorney's fees and costs associates with this action, pursuant to 42 U.S.C. § 1988 and the N.J.L.A.D.

(d) Any further relief as this Court deems just and proper and any other relief as allowed by law.

RESPECTFULLY SUBMITTED,
**EPSTEIN OSTROVE, LLC**
Attorneys for Plaintiff

By: _____
DANIEL N. EPSTEIN, Esq.

Dated: March 10, 2025

## JURY DEMAND

Plaintiff demands a Jury Trial on all issues raised in this Complaint.

**EPSTEIN OSTROVE, LLC**
Attorneys for Plaintiff

By: _____
DANIEL N. EPSTEIN, Esq.

Dated: March 10, 2025